a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOE LEWIS, JR.,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-706-P |
| VERSUS | JUDGE DEE D. DRELL |
| 9TH JUDICIAL DISTRICT COURT, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Joe Lewis, Jr. ("Lewis") (#303689). Lewis was granted leave to proceed *in forma pauperis*. (Doc. 11). Lewis is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rapides Parish Detention Center III. Lewis names as Defendants Ninth Judicial District Court Judges Mary Doggett and Thomas Yeager, District Attorney Brian Mosely, and Public Defender Adam Huddleston. Lewis claims his plea was accepted by Judge Doggett, so his subsequent trial before Judge Yeager on the same charges was invalid. (Doc. 1).

Because Lewis's appeal is currently pending, his complaint should be dismissed.

I. **Background**

Lewis alleges that District Attorney Mosely offered a plea deal, which Lewis accepted. (Doc. 8, p. 7). Nonetheless, Lewis was returned to Court and tried by a jury. (Doc. 8, p. 8). Lewis was convicted and sentenced to a greater sentence than

was offered in the plea agreement. Lewis's appeal remains pending in the Louisiana Third Circuit Court of Appeal. (Doc. 8-2, p. 2).

## II. Law and Analysis

### A. Lewis's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Lewis is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 11). As a prisoner seeking redress from an officer or employee of a governmental entity, Lewis's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Lewis's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Lewis's complaint is barred by Heck v. Humphrey.

Lewis seeks monetary damages for an allegedly unlawful conviction and sentence. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

An award of damages based on Lewis's claim that he was unlawfully tried and convicted would call into the question the validity of his conviction and sentence. Lewis's conviction has not been invalidated, reversed, or called into question by the issuance of a writ of habeas corpus. In fact, his criminal appeal is currently pending the Louisiana Third Circuit Court of Appeal. (Doc. 8-2, pp. 1-2).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Lewis's § 1983 complaint be DENIED and DISMISSED under §§ 1915(e)(2)(b) and 1915A, WITH PREJUDICE to be asserted again, until such time as the Heck conditions are met.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),

---

[1] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of July, 2018.

*[signature]*

Joseph H.L. Perez-Montes
United States Magistrate Judge